

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Bruce L. Parker
County Attorney
Gray County
Pampa, Texas

Dear Sir:                    Opinion No. O-7099

                             Re: Condemnation of right-of way
                                 of certain farm-to-market road
                                 in Gray County.

We acknowledge your letter requests of June 5 and
19, 1946, for an opinion of this department on whether a cer-
tain proposed farm-to-market road in Gray County is a state
highway and should the same proceeding be had in condemning
the right-of-way for said road as any state highway.

In substance you state that on June 11, 1945, the
Gray County Commissioners' Court entered an agreement with
the State Highway Commission whereby the Commission designated
as a farm-to-market road a county road 7.7 miles in length.
That the Engineering Department of the Highway Commission
has surveyed the right-of-way for the road and its field notes
have been furnished to the Commissioners' Court with the re-
quest that the right-of-way be secured by the county in pur-
suance of the agreement. That the Court has purchased a por-
tion of the right-of-way, and unable to agree with one land-
owner on value of right-of-way, has requested its County Attorney
to secure same by condemnation. Specifically, you want to know
whether to condemn said right-of-way using the procedure of Arti-
cle 3264, et seq., V.A.C.S., under authority of Article 6674n,
V.A.C.S., or to condemn using the procedure of Article 6703,
et seq., V.A.C.S.

An examination of the submitted copy of the Agree-
ment entered between the Gray County Commissioners' Court
and the State Highway Commission reveals, in substance, the
following:

Whereas, S. B. No. 348, 48th Leg., Acts 1943, pro-
vides the State Highway Commission is authorized to

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Bruce L. Parker, page 2

designate any county road in the State as a farm-to-market road for purposes of construction, in accordance with the provisions thereof; whereas Gray County seeks to have its road from Alanreed to N. 7.7 miles toward Lefors designated by the Commission as a farm-to-market road taken over for construction; whereas the county has waived all rights it has for participation by the State in payment of any county evidences of indebtedness incurred in the construction of such county road; whereas the Texas Highway Commission is agreeable and willing to designate such road as a farm-to-market road and to construct and to maintain same at the sole cost and expense of the State, conditioned upon full compliance by the County with the requirements of S. B. No. 348:

## "AGREEMENT

"For and in consideration of the covenants, agreements, and waivers herein contained to be mutually kept and performed it is understood and agreed by and between the parties hereto:

"RESPONSIBILITY OF THE COUNTY:

"1. That the County has passed and entered of record in its official minutes in Volume No. 6, page 33, the following order:

". . .

"BE IT ORDERED by the Commissioners' Court of Gray County that Sherman White, County Judge of Gray County, be and he is hereby authorized to enter into and execute for and on behalf of Gray County an agreement with the State of Texas wherein Gray County will agree to waive and relinquish any and all rights Gray County and/or road district has or may have for participation by the State in the payment of any County and/or road district bonds, warrants, or other evidences of indebtedness incurred by Gray County and/or road district in the construction, reconstruction, or maintenance of the county road from Alanreed to North 7.7 miles toward Lofors upon condition the Highway Commission of Texas will designate such road as a farm-to-market road as contemplated by S. B. No. 348, Acts of the Forty-Eighth Legislature, 1943, and construct, reconstruct, and/or maintain the same at the sole cost and expense of the State as a part of the designated highway

system of Texas; that the designation of the road by the Highway Commission shall never form the basis of a claim for participation by the State in the payment of any County and/or road district bonds, warrants, or other evidences of indebtedness against said road; to agree to remove or abate any and all encroachments or encumbrances on said road or right-of-way at the sole expense of the County <u>before its designation by the Highway Commission</u>, and to further agree to obtain at its expense any new or additional right-of-way on location approved by the State Highway Engineer at any time the same should be considered necessary or desirable to the proper maintenance, construction or reconstruction of said road as a part of the State system; to agree to indemnify and save harmless the State from all claims, demands, actions or causes of actions arising from or growing out of or damage to property resulting in any manner from the construction or maintenance of such road either prior to or after the designation of such road as a highway, which have accrued or may accrue prior to the time such highway is reconstructed by the State. In consideration of which agreements, waivers, and covenants on the part of the County, the State <u>shall agree to designate the county road</u> from Alanreed to North 7.7 miles toward Lefors as a farm-to-market road and to construct, reconstruct, and/or maintain the same at the sole cost and expense of the State as a part of the system of designated highways of Texas as contemplated and set forth in Chapter 1, Title 116, and Chapter 186, General Laws of the Regular Session of the Thirty-Ninth Legislature and amendments thereto.

"... 

"2. That the County agrees to and does hereby waive and relinquish any and all claims it has or may have for participation by the State in the payment of any and all County and/or road district bonds, warrants, or other evidences of indebtedness outstanding against such road for the construction or improvement of the road before being designated as a farm-to-market road by the State Highway Commission and further, that the designation of the road by the Highway Commission shall never form the basis of a claim for the participation by the State in the payment of any County or road district bonds, warrants or other evidences of indebtedness against said road.

"3. <u>That the County agrees to remove</u> or abate any and <u>all encroachments or encumbrances on said road</u> and <u>the right-of-way thereof</u> at its sole expense and <u>before designation by the Highway Commission</u> and the County further agrees to ob-

467

tain any new or additional right-of-way upon request of the State on location to be approved by the State Highway Engineer should same be considered necessary or desirable to the proper maintenance, construction, or reconstruction of said road as a part of the State system.

"4. That the County agrees to indemnify and save harmless the State from any and all claims, demands, actions, or causes of actions arising from any defects in the title of right-of-way and from or growing out of or damage to property resulting in any manner from the construction or maintenance of such road either prior to or after the designation of such road as a highway, which have accrued or may accrue prior to the time such highway is reconstructed by the State.

"RESPONSIBILITY OF THE STATE:

"1. In consideration of which agreements, waivers, and covenants to be faithfully kept and performed by the County, the State agrees to designate the county road from Alanreed to North 7.7 miles toward Lefors as a farm-to-market road and to construct, reconstruct, and/or maintain the same at the sole cost and expense of the State as a part of the system of designated highways of Texas as contemplated and set forth in Chapter 1, Title 116, and Chapter 186, General Laws of the Regular Session of the Thirty-Ninth Legislature and amendments thereto. Maintenance on the existing road will not be assumed until such time as sufficient improvement has been made to justify adequate maintenance.

". . ." (Underscoring ours)

Acts 1943, 48th Leg., Regular Session, S. B. No. 348, listed as Article 6673-c, in Vernon's Annotated Civil Statutes, reads as follows:

"Section 1. The State Highway Commission is authorized to designate any county road in the state as a farm-to-market road for purposes of construction, reconstruction and maintenance only, provided that the Commissioners Court of the county in which any such county road is located shall pass and enter in its minutes an order waiving any rights such county may have for participation by the state in any indebtedness incurred by the county in the construction of such county road; and provided further that the State Highway Commission and the Commissioners Court of the county in which any such road is located may enter into a contract that shall set forth the duties of the state in the construction, reconstruction, and maintenance of the county

Honorable Bruce L. Parker, page 5

road in consideration of the county and/or road district
relinquishing any and all claims for state participation
in any county, road district, or defined road district bonds,
warrants, or other evidences of indebtedness outstanding
against such road for the construction or improvement of
the road before being designated by the State Highway Com-
mission.

"Sec. 2. It is hereby declared to be the policy of
the state that the assumption by the state of the obliga-
tion to construct and maintain such roads designated by
the State Highway Commission as farm-to-market roads under
the provisions of this Act constitutes full and complete
compensation for any and all funds that might have been
expended by any county, road district, or defined road dis-
trict in the construction and maintenance of said road
prior to its designation by the State Highway Commission
as a farm-to-market road.

"Sec. 3. This Act shall be cumulative of all other
laws on this subject, but in the event of a conflict be-
tween the provisions of this Act and any other Act on this
subject, the provisions of this Act shall prevail.  Acts
1943, 48th Leg., p. 365, ch. 244.

"Sec. 4. The fact that county roads have been con-
structed in certain counties on which there is outstand-
ing indebtedness for the construction of said roads, and
the counties in which such roads have been constructed
are not equipped to maintain the roads due to priorities
and lack of equipment; and the further fact that unless
such roads are taken over by the state they will soon
deteriorate and the public as well as the counties will
lose the money which has been spent in constructing such
roads; and the further fact that the crowded condition of
the calendar of the two Houses of the Legislature creates
an emergency and imperative public necessity that the
Constitutional Rule providing bills to be read on three
several days in each House be and the same is hereby sus-
pended, and that this Act shall take effect and be in
force from and after its passage, and it is so enacted."

The terms of the Agreement entered between the Gray
County Commissioners' Court and the State Highway Commission
are clear and unambiguous. We understand that there are no
inquiries as to its legality nor concerning the authority of
the Commission or the Commissioners' Court to execute same
in accordance with the provisions of S. B. No. 348. Discussion
herein is not necessary concerning those provisions of the
Agreement or S. B. No. 348 dealing with the participation by

the State in payment of county indebtedness on the road, bond assumption matters, or liabilities of the parties thereto.

The Agreement, simply stated, is one wherein the State Highway Commission agrees to designate the county road from Alanreed to N. 7.7 miles toward Lefors as a farm-to-market road for the purposes and in accordance with the provisions set out in S. B. No. 348 (Art. 6673-c, V.A.C.S.) subject to the securing of the right-of-way by the county at its sole expense and before designation by the Highway Commission.

Until such right-of-way for the proposed road is secured by Gray County, the designation of the county road as a farm-to-market road by the State Highway Commission for the purpose of constructing and maintaining same at State expense as a part of a system of designated highways of Texas, as contemplated and set forth in Chapter 1, Title 116, and amendments thereto, remains a conditional or contingent designation. The State Highway Commission at such time when the right-of-way has been secured will enter an order in its records designating the county road in question as a farm-to-market road for the purposes set out in S. B. No. 348 (Art. 6673-c) and designating same as part of the system of designated highways of Texas.

It follows that the proposed county road in question not having been at this date designated in accordance with the statute as a part of the system of designated highways of Texas, is not a state highway, and the condemnation statute, Arts. 3264 to 3271 inclusive, Revised Civil Statutes of Texas, 1925, as amended, set out by the Legislature in Article 6674n, V.A.C.S., as the proper procedure to condemn right-of-way for designated state highways, is not applicable toward acquisition by condemnation of the right-of-way for the proposed county road.

Furthermore, S. B. No. 348 (Art. 6673-c, V.A.C.S.) specifically states that the State Highway Commission is authorized to designate any county road in the State as a farm-to-market road. It is, therefore, our considered opinion that the proper condemnation statute to be followed and employed in the acquisition of the necessary right-of-way for the proposed road in question is that set out by the Legislature for the condemnation of county roads, namely Art. 6703, et seq., V.A.C.S., as amended.

Trusting that we have satisfactorily answered your inquiries, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Chester E. Ollison
Assistant

CEO:fb